```
                UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF VERMONT

William Ray Costello,           :
       Plaintiff,               :
                                :
       v.                       :   File No. 1:07-CV-165
                                :
City of Burlington,             :
et al.,                         :
       Defendants.              :
```

ORDER

    *Pro se* plaintiff William Ray Costello has moved for a temporary restraining order.  On August 7, 2007, the Court ordered that no hearing would be held on the motion prior to service of the defendants pursuant to Rule 4.  In issuing its ruling, the Court noted that Costello had not requested immediate *ex parte* relief, and had not submitted an affidavit as required under Rule 65(b).

    In response to the Court's order, Costello has filed an affidavit in which he repeats his First Amendment claims, and a "statement" as to why the defendants need not be served.  In the latter filing, Costello contends that he informed the police and the Burlington City Attorney of the nature of his claims in a letter dated June 27, 2007.  He filed the instant action on August 6, 2007.  Costello does not claim that the letter notified the defendants of an impending civil suit, or of the fact that he would be seeking temporary injunctive relief.  Without reaching the question of whether Costello's

affidavit is adequate under Rule 65(b), his grounds for proceeding *ex parte* are legally insufficient.

"[T]he Rule 65(b) restrictions 'on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." <u>Reed v. Cleveland Bd. of Educ.</u>, 581 F.2d 570, 573 (6th Cir. 1978) (quoting <u>Granny Goose Foods, Inc. v. Bhd. of Teamsters</u>, 415 U.S. 423, 439 (1974)).  Accordingly, "[t]he normal circumstance for which the district court would be justified in proceeding *ex parte* is where notice to the adverse party is impossible, as in the cases where the adverse party is unknown or is unable to be found." <u>First Tech. Safety Sys. v. Depinet</u>, 11 F.3d 641, 650 (6th Cir. 1993) (citing <u>American Can Co. v. Mansukhani</u>, 742 F.2d 314, 322 (7th Cir. 1984).  A court may also proceed *ex parte* where notice to the defendant would render the action fruitless, as in a case where evidence would likely be destroyed, and where there is no "less drastic means of protecting the plaintiff's interest." <u>First Tech. Safety Sys.</u>, 11 F.3d at 650 (citing <u>In re Vuitton et Fils S.A.</u>, 606 F.2d 1 (2d. Cir. 1979); <u>Paramount Pictures Corp. v. Doe 1</u>, 821 F. Supp. 82, 89 (E.D.N.Y. 1993); <u>American Can Co.</u>, 742 F.2d at 323)).

Here, Costello has failed to show either impossibility or the potential that notice to the defendants will render his claim fruitless. Instead, he alleges that his June 27, 2007 letter provided the defendants "ever[y] opportunity to resolve this matter." Prior notice of a potential claim is not a ground for *ex parte* relief. Nor has he shown that providing notice to the defendants is impossible. In fact, his statement makes clear that he has communicated with the defendants in the recent past. Consequently, the Court's prior order requiring service upon the defendants is AFFIRMED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of August, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge